**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JAMES W. MELTON,**                                                                   **PETITIONER**

v.                                                     **No. 4:06CV213-P-B**

**STATE OF MISSISSIPPI, ET AL.**                                          **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of James W. Melton for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d), and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted, and the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed.

**Facts and Procedural Posture**

James W. Melton was convicted of molesting a child under the age of fourteen in the Circuit Court of Leflore County, Mississippi, and sentenced to serve a term of fifteen years, with five years suspended, in the custody of the Mississippi Department of Corrections. On November 28, 2000, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence. *Melton v. State,* 771 So. 2d 1010 (Miss. App. 2000) (Cause No. 1998-KA-01112-COA). The petitioner did not seek discretionary review in state court by filing a petition for rehearing in the Mississippi Court of Appeals under MISS. R. APP. P. 40.

On December 12, 2002, Melton filed an "Application for Leave to File Motion for Post-Conviction Collateral Relief" in the Mississippi Supreme Court. The petitioner's application was denied April 10, 2003. Three years later, the petitioner filed a "Motion for Permission to Proceed Out of Time" in the Mississippi Supreme Court – again seeking post-conviction relief from his conviction and sentence. The motion and a separate request for mandamus were denied on October 5, 2006. The petitioner's subsequent motion for rehearing was dismissed as improper by on November 7, 2006.

### The Federal One-Year Period of Limitation for *Habeas Corpus*

Resolution of the instant petition rests with 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The petitioner argues that he has "newly discovered evidence" and refers to the exhibits attached to his petition. The petitioner argues that the victim's original statement to police, which the petitioner claims he received recently from his mother, differs from the statement "used to obtain the indictment against petitioner." Petition, Ground Five. According to the petitioner, the original statement by the victim indicates that full penetration occurred three times, while the later statement refers only to "fondling and molestation." First, a review of the statements does not reveal the discrepancies asserted by the petitioner. Further, these allegations of new evidence were presented to the state court, which denied the petitioner's claim on the merits. Finally, the petitioner has not shown the diligence necessary to assert a claim under 28 U.S.C. 2244(d)(1)(d). The victim gave her statements well before trial, and the petitioner has not stated why he did not use the statements at trial. As such, the petitioner may not use the "factual predicate" exception set forth in 28 U.S.C. § 2244(d)(1) as a means to toll the one-year statute of limitations for federal *habeas corpus* claims.

As the exceptions of § 2244(d)(1)(B-D) do not apply in this case, the AEDPA requires that the instant petition for a writ of *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final – subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999).

The petitioner did not seek the first step of discretionary review in state court. As such, he stopped the appeal process and was thus unable to pursue further direct review either in the Mississippi Supreme Court *or* in the United States Supreme Court. *Roberts v. Cockrell,* 319

F.3d 690 (5th Cir. 2003). The petitioner's conviction therefore became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired – fourteen days after his conviction was affirmed on direct appeal. MISS. R. APP. P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed). The petitioner's conviction thus became final on December 12, 2000 (November 28, 2000, plus fourteen days). The petitioner's first application for leave to proceed in state court was not filed until December 12, 2002, 365 days after the December 12, 2001, deadline for filing his federal *habeas corpus* petition. As such, none of the pleadings triggered the tolling provisions of § 2244(d). As the petitioner did not toll the period of limitations by filing an application as contemplated by 28 U.S.C. § 2244(d)(2) on or before December 12, 2001, his federal petition for a writ of *habeas corpus* was untimely filed. *Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," Melton's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, the petition was filed sometime between the date it was signed on December 7, 2006, and the date it was received and stamped as "filed" in the district court on December 11, 2006. Giving the petitioner the benefit of the doubt by using the earlier date, the petition was filed 1,821 days after the December 12, 2001, deadline for federal *habeas corpus* relief expired.

**Equitable Tolling Inappropriate**

The petitioner was neither actively misled nor prevented in some extraordinary way from asserting his rights. As such, he has shown no "rare and exceptional circumstance" warranting equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 534-514 (5th Cir. 1999). In the arguments raised in his petition, Melton claims that he is actually innocent of the crimes for which he is charged. Particularly, he argues that in her first statement the young victim claimed that Melton fully penetrated her three times, while a later statement refers only to "fondling and molestation." First, the statements do not contain the discrepancy Melton claims. Second, and of equal importance, a mere *claim* of actual innocence does not warrant equitable tolling. *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002)*; United States v. Riggs,* 314 F.3d 796, 800, fn 9 (5th Cir. 2003); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000). The petitioner has not made a *showing* of actual innocence that might provide a basis to toll the limitations period because he has not provided any new reliable evidence to prove that he is actually innocent. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000). As such, the petitioner is not entitled to equitable tolling.

For these reasons, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 9th day of November, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE